BAR S BAR WESTERN STORE *v.* Phillip R. MARTIN, et al.

87-283                                                747 S.W.2d 113

Supreme Court of Arkansas
Opinion delivered April 4, 1988
[Rehearing denied May 2, 1988.]

*Gean, Gean & Gean,* by: *Lawrence W. Fitting,* for appellant.

*Warner & Smith,* by: *Wayne Harris,* for appellee.

DARRELL HICKMAN, Justice. This is a negligence suit over carpet damaged when a vehicle, driven by an employee of the appellee, ran into a store operated by the appellant. The accident occurred in June of 1981. The appellee does not deny liability for the damages. The case was tried before a judge. The judge dismissed the case, because it was brought in the name of the wrong party, the tenant, and not the name of the owner of the building. We affirm.

Fred and Patty Sullivan own the land and building where the store is located. They formed a corporation, the appellant, to operate the store. The corporation leased the building from the Sullivans as individuals. After the accident the appellee paid for the repairs to the building and for any loss of business suffered by the appellant. However, the appellant wanted the carpet in the entire store replaced even though only a small area of the carpet had been damaged. After suit was filed, it was discovered through a deposition that the appellant corporation did not own the building. The appellee filed a motion for summary judgment alleging the real party in interest was the Sullivans, who owned the building, and that the statute of limitations barred their recovery. The judge denied the motion, because there was a fact question since the appellant corporation alleged it had an oral agreement to maintain the premises and make repairs to the building, which would include the damaged carpet.

At the trial the judge found no oral agreement, the statute of

limitation had run, and dismissed the case.

◼ Rule 17 of ARCP provides that only a real party in interest may bring a cause of action. That party is generally considered that person "who can discharge the claim on which suit is brought, and not necessarily the person ultimately entitled to the benefit of recovery." *Childs* v. *Philpot*, 253 Ark. 589, 487 S.W.2d 637 (1972).

◼◼ Generally, a tenant is under no obligation to repair damages caused by third parties over whom he had no control. 49 Am. Jur. 2d *Landlord and Tenant* § 923 (1970). A landlord may recover for an injury which permanently depreciates or damages his property while a tenant may recover for damage to his business and loss of profits. *Carson* v. *Hercules Powder Co.*, 240 Ark. 887, 402 S.W.2d 640 (1966).

◼ We cannot say the trial court was clearly wrong in this case in deciding that only the landlord could recover for replacement or repair of the carpet. The tenant had already recovered for its damages. No other issue was raised below.

◼ The appellant makes the additional argument that the appellee waited too long to raise the issue that the appellant was not the real party in interest. That argument was not made to the trial court, and we do not consider it on appeal. *Mitchell* v. *First Nat'l Bank in Stuttgart*, 293 Ark. 558, 739 S.W.2d 682 (1987).

Affirmed.